## PENNIMAN *v.* JONES & *a.*

The provision of G. L., *c.* 228, *s.* 14, that no party shall be compelled to disclose the names of his witnesses, nor the manner of proving his case, does not excuse him from testifying to all he knows about the matter in issue.

BILL IN EQUITY, for a settlement of partnership accounts. Facts found by a referee. The defendant, Jones, was called to the stand by the plaintiffs, and asked whether he had various conversations with them in relation to the subject-matter of this suit,—if so, when, where, and what; whether he charged the firm greater sums than were due him,—if so, when, for what, and how much; whether he performed services for others than the firm, for which he received pay,—if so, when and what; and what price he paid for certain articles, and how much he charged the firm for them. Jones declined to answer, on the ground that his answers would tend to disclose the manner in which he proposed to prove his own case.

*Wadleigh & Wallace* and *Burns*, for the plaintiff.

*Stevens & Parker*, for Jones.

BINGHAM, J. No party can be compelled, in testifying, to disclose the names of the witnesses by whom, or the manner in which, he proposes to prove his own case. G. L., *c.* 228, *s.* 14. This provision, when first enacted, applied only to the taking of depositions. Laws of 1858, *c.* 2090, *s.* 1." It was then construed not to excuse a party from testifying to what he knows about the matters in issue. *Eaton* v. *Farmer*, 46 N. H. 200. The questions which Jones declined to answer called for material facts, apparently within his personal knowledge, and capable of being proved by his own testimony, without an infringement of his asserted privilege, and he should have answered. On this conclusion it is not necessary to consider whether the statute limits the examination of parties in chancery.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.